UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------×

ELIDA QUEVEDO,

      *Plaintiff*,

v.

J.S. BLANK & CO., INC.,

      *Defendant.*

------------------------------------------------------------×

16 CV 2846

**COMPLAINT**

Plaintiff Elida Quevedo by her counsel, The Harman Firm, LLP, alleges for her Complaint against Defendant J.S. Blank & Co., Inc. as follows:

### PRELIMINARY STATEMENT

1. In this employment discrimination action, Plaintiff Elida Quevedo ("Plaintiff" or "Ms. Quevedo") seeks damages and costs against Defendant J.S. Blank & Co., Inc. ("Defendant" or "J.S. Blank") for discriminating against Plaintiff by terminating her employment based on her pregnancy, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, as amended by the Pregnancy Discrimination Act ("PDA"), and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 to 14-151, and for failing to engage in the interactive process to identify a reasonable accommodation in violation of the NYCHRL.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331, as it arises under Title VII.

3. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's claims brought under the NYCHRL, as the NYCHRL claims are so related to the Title VII claim that they form part of the same case or controversy.

4. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claim occurred within this District.

5. All conditions precedent to maintaining this action have been fulfilled. A charge of discrimination was filed with the Equal Opportunity in Employment Commission ("EEOC"), which issued a Right-to-Sue Letter dated March 30, 2016, relating to the discriminatory acts described in this Complaint. This action was properly instituted within ninety (90) days of the issuance of the Right-to-Sue Letter.

## TRIAL BY JURY

6. Plaintiff respectfully requests a trial before a jury.

## PARTIES

7. At all times relevant hereto, Plaintiff Elida Quevedo was a resident of Hudson County in the State of New Jersey.

8. Upon information and belief, Defendant J.S. Blank is a corporation incorporated in the State of New York and located at 15 West 36th Street, New York, NY 10018.

**STATEMENT OF FACTS**

9. Defendant J.S. Blank is a men's neckwear manufacturer. Upon information and belief, J.S. Blank has an annual revenue between $1 and $2.5 million dollars and employs approximately twenty (20) people.

10. On or about August 1, 2014, J.S. Blank hired Plaintiff Elida Quevedo as a seamstress to sew J.S. Blank's logo onto its ties.

11. Ms. Quevedo worked five (5) days per week and seven (7) hours per day.

12. In and around June 2015, Ms. Quevedo informed two (2) J.S. Blank managers, known only to her as "Eber" and "Nari," that she was pregnant and due to give birth in early 2016.

13. Ms. Quevedo informed Eber and Nari that she may need some time off as an accommodation after giving birth, which they represented that they would approve.

14. In and around the middle of November 2015, Ms. Quevedo began training another employee to sew labels onto ties. J.S. Blank told her that the individual would be her temporary replacement while she was out.

15. On or about December 3, 2015, J.S. Blank summarily terminated Ms. Quevedo's employment after Eber falsely accused her of sexually harassing him.

16. Ms. Quevedo was shocked by Eber's outrageous accusation.

17. Ms. Quevedo did not sexually harass Eber, and J.S. Blank never gave her the opportunity to protest the allegations.

18.     Upon information and belief, J.S. Blank never investigated Eber's accusation prior to terminating Ms. Quevedo.

19.     J.S. Blank's reason for termination was pretextual; J.S. Blank terminated Ms. Quevedo, then eight (8) months pregnant, because she was pregnant and had requested a pregnancy-related accommodation.

20.     J.S. Blank terminated Ms. Quevedo without attempting to identify a reasonable accommodation such that she could keep her employment.

21.     J.S. Blank immediately replaced Ms. Quevedo with another J.S. Blank employee, who was not pregnant (but not the individual who Ms. Quevedo had been training).

22.     Prior to disclosing her pregnancy, Ms. Quevedo had a positive professional relationship with her co-workers, had never received any write-ups, complaints or discipline, and had satisfactorily executed her job duties.

23.     Ms. Quevedo was unlawfully terminated based on her pregnancy.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Violation of the Title VII for Discrimination Based on Pregnancy**

24.     Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 23 with the same force as though separately alleged herein.

25.     Title VII prohibits an employer from discriminating against any individual with respect to the individual's terms, conditions, or privileges of employment because of such individual's sex.

26. The PDA amended Title VII to include discrimination on the basis of "pregnancy, childbirth, or related medical conditions."

27. Defendant violated Title VII by wrongfully terminating Plaintiff because of her pregnancy.

28. Plaintiff was still able to perform her job at the time of her termination; Defendant terminated her due to her upcoming childbirth.

29. As a direct and proximate consequence of Defendant's pregnancy discrimination, Plaintiff has suffered and continues to suffer substantial monetary damages, including, but not limited to, loss of income, including past and future salary and non-monetary damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

30. Defendant's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

**SECOND CAUSE OF ACTION**
**Violation of the NYCHRL for Unlawful Termination Based on Pregnancy**

31. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 30 with the same force as though separately alleged herein.

32. The NYCHRL prohibits an employer from discriminating against any individual with respect to the individual's terms, conditions, or privileges of employment because of such individual's sex.

33. Defendant violated NYCHRL by terminating Ms. Quevedo's employment because of her pregnancy.

34. As a direct and proximate consequence of Defendant's pregnancy discrimination, Plaintiff has suffered and continues to suffer substantial monetary damages, including, but not limited to, loss of income, including past and future salary and non-monetary damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

35. Defendant's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights.  Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

### THIRD CAUSE OF ACTION
**Violation of the NYCHRL for Failure to Engage in an Interactive Process to Identify an Accommodation for a Pregnant Employee**

36. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 35 with the same force as though separately alleged herein.

37. The NYCHRL requires an employer to engage in an interactive process to determine whether there exists a reasonable accommodation for her pregnancy, childbirth, or related medical condition so that she can perform the essential requisites of the job.

38. Defendant violated NYCHRL by refusing to attempt to identify a reasonable accommodation such that Ms. Quevedo could keep her employment.

39. As a direct and proximate consequence of Defendant's pregnancy discrimination, Plaintiff has suffered and continues to suffer substantial monetary damages, including, but not limited to, loss of income, including past and future salary and non-monetary damages,

including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

40.  Defendant's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights.  Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## Request for Relief

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. for the first claim, actual damages to be determined at trial, but in no event less than $500,000;

B. for the second claim, actual damages to be determined at trial, but in no event less than $500,000;

C. for the third claim, actual damages to be determined at trial, but in no event less than $500,000; and

D. an award of compensatory and punitive damages;

E. pre-judgment and post-judgment interest;

F. attorneys' fees and costs; and

G. such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          April 15, 2016

By: *Edgar Rivera*
Walker G. Harman, Jr. [WH-8044]
Edgar M. Rivera [ER-1378]
THE HARMAN FIRM, LLP
*Attorneys for Plaintiff*
220 Fifth Avenue, Suite 900
New York, NY 10001
(212) 425-2600
wharman@theharmanfirm.com
erivera@theharmanfirm.com